AMD
11-19-2010

U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2010 NOV 30  A 11: 04
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

Rod J. Rosenstein
United States Attorney

Bonnie S. Greenberg
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4890
MAIN: 410-209-4800
FAX: 410-962-0716
TTY/TDD: 410-962-4462
Bonnie.Greenberg@usdoj.gov

November 18, 2010

Christopher Nieto, Esquire
Assistant Federal Public Defender
Tower II, Suite 1100
100 South Charles Street
Baltimore, Maryland 21201

Re:   United States v. Philip Wayne Barto
      Criminal No.  RDB 10-0264

Dear Mr. Nieto:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by November 23, 2010, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

1.   The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P.11(c)(1)(C) to Count One of the Criminal Indictment charging him with Sexually Exploiting Minor for the Purpose of Producing Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

Elements of the Offense

2.   The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Revised 11/5/09

That on or about the date specified in Count One of the Indictment, in the District of Maryland, and elsewhere, the Defendant:

    a.    Knowingly employed, used, persuaded, induced, enticed or coerced a minor female to engage in sexually explicit conduct;

    b.    For the purpose of producing a visual depiction of such conduct;

    c.    And the Defendant had reason to know that the materials used to produce the visual depictions were transported in interstate and foreign commerce.

3.    <u>Penalties</u>

    a.    The sentence provided by statute for the offense to which your client is pleading guilty is as follows: not less than fifteen (15) years and not more than thirty (30) years imprisonment, a $250,000 fine, and supervised release for life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

    b.    The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

**A. PRODUCTION OF CHILD PORNOGRAPHY**

**1. Count One**

(i) The base offense level is thirty-two (32) pursuant to U.S.S.G. § 2G2.1(a).

(ii) Pursuant to U.S.S.G. § 2G2.1(b)(1), there is a two (2) level increase because the victim in this case was over the age of 12 and under the age of 16 at the time of the offense.

(iii) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), there is a two (2) level increase because there was commission of a sexual act or sexual conduct.

(iv) Pursuant to U.S.S.G. § 2G2.1(b)(5), there is a two (2) level increase because the minor was in the custody, care, or supervisory control of the defendant.

**The offense level, therefore, is thirty-eight (38).**

**2. Count Three**

The Guidelines calculation must also take into consideration the fact that the Defendant possessed child pornography. U.S.S.G. § 1B1.2(c). The offense level for this is **thirty-eight (38)**, as follows:

(I) The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(2).

(ii) Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

(iii) Pursuant to U.S.S.G. §2G2.2(b)(4), there is a four (4) level increase because the material portrays sadistic or masochistic or other depictions of violence.

(iv) Pursuant to U.S.S.G. §2G2.2(b)(5), there is a five (5) level increase because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

(v) Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the receipt or possession involved the use of a computer.

(vi) Pursuant to U.S.S.G. §2G2.2(b)(7), there is a five (5) level increase because the offense involved 600 or more images.

**The offense level, therefore, is thirty-six (36).**

C. **GROUPING**

Pursuant to U.S.S.G. §§ 1B1.2 and 3D1.4, the above-referenced groups do not group and the highest offense level (38) is increased by two (2) offense levels.

**The offense level, therefore, is forty (40).**

D. **ACCEPTANCE**

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The base offense level, therefore, is thirty-seven (37).**

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Obligations of the United States Attorney's Office

9. The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of 240 months (20 years) imprisonment in the custody of the Bureau of Prisons and lifetime supervised release is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). At the time of sentencing, the United States Attorney's Office will recommend a twenty (20) year sentence, a lifetime period of supervised release, and dismiss the remaining charges of the Indictment pending against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution,

and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **twenty years**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **twenty years**.

c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Forfeiture

14. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on December 10, 2009. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

<u>Entire Agreement</u>

15.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_11-23-10_           _____
Date                 Philip Wayne Barto

I am Philip Wayne Barto's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_11/23/10_           _____
Date                 Christopher Nieto, Esquire

8

## ATTACHMENT A-STATEMENT OF FACTS

The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Philip Wayne Barto, age 43, is a resident of Columbia, Maryland.

In December 2009, the Department of Social Services in Howard County was advised by a 17 year old girl, hereinafter referred to as Jane Doe 1, that Philip Wayne Barto, her relative, had been sexually abusing her from the time she was approximately 14 years old. Jane Doe 1 also described that Philip Wayne Barto took sexually explicit pictures of her. On December 10, 2009, a search warrant was executed at Philip Wayne Barto's residence. Sexually explicit pictures of Jane Doe 1 were recovered from Barto's computer.

Specifically, forensic review of the computer established that a picture of Jane Doe 1, a pubescent female, lying naked on a bed, with her legs spread, and her genital area exposed, was taken on October 4, 2005. The image file was entitled IMG_0952.jpg. Additionally, forensic review of the computer established that a picture of Jane Doe 1, a pubescent female, with her legs spread, digitally penetrating her vagina with her right index finger and exposing her genital area, was taken on October 15, 2005. The image file was entitled IMG_1006.jpg. The computer on which the pictures were stored and the camera used to take the pictures were both manufactured outside the State of Maryland. The pictures of Jane Doe 1 were taken in Maryland.

Investigation revealed that Philip Wayne Barto took the pictures while Jane Doe 1 was in his care, custody and control. The sexual abuse started when she was approximately 14, and continued until she was 17, ~~The abuse consisted of requiring her to masturbate him and give him oral sex, as well as him performing oral sex on her.~~ and constitutes conduct which would be a "sexual act" under 18 U.S.C. § 2246(2).

Forensic review of the digital evidence seized from Philip Wayne Barto's residence during the search warrant, specifically an Acomdata 160GB external hard drive, s/n: A0442007, revealed that it contained over 300 videos and numerous images containing visual depictions of minors engaged in sexually explicit conduct, including, but not limited to, files with the following titles: Sex Kids -2-.jpg that depicts a prepubescent female performing oral sex on an adult male; PRETEEN_LOLITA_INCEST_DDOGG.jpg, that depicts a prepubescent minor naked from the waist down with her legs spread exposing her genital area, and Pedo - Vicky - (Pthc) The 107 Minutes Collection.mpg, which is a moving digital image that is approximately 107 minutes long and depicts a prepubescent minor engaged in sexually explicit conduct with an adult male. A number of the images and videos seized from the computer revealed material which portrayed sadistic or masochistic or other depictions of violence, including bondage of minors engaged in sexually explicit conduct.

9

Investigation revealed that the computer belonged to Philip Wayne Barto, and that he had shown various images depicting the minors involved in sexually explicit conduct to Jane Doe 1 in connection with his sexual abuse of her.

All of the images and videos described in this statement of facts were on disks or computers manufactured outside the State of Maryland.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

11-23-10
Date

_____
Philip Wayne Barto